TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3045/2229
      Facsimile: (213) 894-6269/0141
      E-mail:    samuel.diaz@usdoj.gov
                 james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. CR 19-575-FMO

          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                   ZACHARIAH RINEHART
               v.

ZACHARIAH RINEHART,

          Defendant.

     1.   This constitutes the plea agreement between Zachariah

Rinehart ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

                      DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to Count One of the

indictment in <u>United States v. Zachariah Rinehart</u>, CR No. 19-575-FMO, which charges defendant with threatening a federal official or employee, in violation of 18 U.S.C. § 115(a)(1)(B).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

2

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that: (i) defendant complies with Paragraph 2 above through the time of sentencing, (ii) the offense level used by the Court to determine the Guidelines range is 15 or higher, and (iii) the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A , without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

                        NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, threatening federal officials or employees, in violation of Title 18, United States Code, Section 115(a)(1)(B), the following must be true: (1) defendant threatened to assault or murder a federal employee; (2) defendant made the threat with the intent to impede, intimidate, interfere

with, or retaliate against the federal employee; and (3) the threat was made while the person was engaged in, or on account of, the performance of the federal employee's official duties.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 115(a)(1)(B), is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

9.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that
2  relate to that conduct.
3       On May 24, 2019, from Los Angeles County, in the Central
4  District of California, defendant called the Internal Revenue Service
5  ("IRS") and spoke with a Contact Representative, victim M.J., an
6  employee of the IRS acting in the course of M.J's official duties.
7  Defendant told M.J. that defendant was calling to check the status of
8  his year 2015 tax refund, which he believed he was owed.  Defendant
9  told M.J., "What people don't understand is eventually, if I keep
10 feeling like there's nothing I can do, I'm going to drive my Ford
11 Expedition through one of your fucking lobbies, bro."  Later on in
12 the call, defendant said, "You don't understand.  I'm going to drive
13 through your lobby with the intention to hurt people.  You're not
14 listening to that part, are you?  The IRS is not going to keep being
15 the reason that I can't move my kids forward in life, I'm going to
16 hurt one of you.  Do you hear me?"  M.J. replied that defendant
17 should "think seriously about that," to which defendant responded,
18 "What do I have to lose?"  M.J. said defendant could end up losing
19 his children, to which defendant replied, "I'm getting ready to lose
20 them anyway.  You think about this shit because I'm going to hurt one
21 of you."
22      Defendant's threatened assaults during the May 24, 2019 call
23 caused M.J. to fear for his safety.  At all relevant times, defendant
24 made the statements to M.J. with the intent to impede, intimidate,
25 and interfere with M.J. while M.J. was engaged in the performance of
26 his official duties, and with the intent to retaliate against M.J. on
27 account of M.J.'s performance of his official duties.
28

1    M.J. reported the threats to his supervisor, and the threats
2    were then investigated by the U.S. Treasury Inspector General for Tax
3    Administration ("TIGTA").  TIGTA investigators located and spoke with
4    defendant.  In recorded statements made to the TIGTA investigators,
5    defendant truthfully admitted that he made the May 24, 2019 call and
6    stated that he made the aforementioned statements to M.J. because he
7    wanted to get the IRS's attention so they would fix his tax refund
8    issues.  The TIGTA investigators told defendant not to make any
9    further threatening statements, as such statements could constitute
10   federal crimes.

11   On August 5, 2019, in Los Angeles County, defendant called
12   victim M.P., an employee of the IRS, at approximately 8:00 a.m.  At
13   the time, M.P. worked for the IRS's Taxpayer Advocate Service Office,
14   located in the federal building at 300 N. Los Angeles Avenue and was
15   engaged in M.P.'s official duties working as the Taxpayer Advocate
16   assigned to defendant's case.  During the call on August 5, 2019 M.P.
17   spoke with defendant regarding the status of defendant's 2015 refund
18   check, and, defendant agreed to wait 20 days for an official response
19   from the IRS related to his tax refund.

20   Later that day, defendant called M.P. on M.P.'s designated work
21   phone number and left two voice messages for M.P. regarding defendant
22   not having been able to receive defendant's 2015 tax refund.  In the
23   first voicemail, defendant said, "When I do see one of you in person,
24   I'm gonna commit a felony, cause your ass ain't gonna be recognizable
25   . . . all I gotta do is follow one of you home and see where you
26   live."  In the second voicemail, defendant said, "I'm gonna wait
27   outside the federal building in downtown LA and I will fucking chase
28   one of you sons of bitches."  Defendant made these statements to M.P.

7

1   with the intent to impede, intimidate, and interfere with M.P. while

2   M.P. was engaged in the performance of his official duties, and with

3   the intent to retaliate against M.P. on account of M.P.'s performance

4   of his official duties.

5   　　M.P. listened to these voicemails soon after they were left by

6   defendant, and reasonably believed that they had been left for him

7   and also feared for M.P.'s life.  M.P. believed the threats to be

8   personal, as the voicemails were left.

9   　　Defendant made several additional calls to IRS employees

10  throughout this period that contained disturbing and unpleasant

11  language.  For example, on August 9, 2019, defendant called an IRS

12  employee, A.L.  Defendant informed A.L. that his Taxpayer Advocate

13  (M.P.) "makes me want to act violent toward you guys," and that the

14  officers who were coming to see him regarding his calls to the IRS

15  should "stick it up their ass."  Defendant then went on to say,

16  "[A]ll my previous calls have been recorded, and I meant everything

17  fucking thing I said."

18  　　　　　　　　　　　　　　SENTENCING FACTORS

19  　　10.  Defendant understands that in determining defendant's

20  sentence the Court is required to calculate the applicable Sentencing

21  Guidelines range and to consider that range, possible departures

22  under the Sentencing Guidelines, and the other sentencing factors set

23  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

24  Sentencing Guidelines are advisory only, that defendant cannot have

25  any expectation of receiving a sentence within the calculated

26  Sentencing Guidelines range, and that after considering the

27  Sentencing Guidelines and the other § 3553(a) factors, the Court will

28  be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| Official Victim | +6 | U.S.S.G. § 3A1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

  d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e.   The right to confront and cross-examine witnesses against defendant.

  f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

  15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1                    LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2          16.  Defendant agrees that, provided the Court imposes a term of

3    imprisonment within or below the range corresponding to an offense

4    level of 17 and the criminal history category calculated by the

5    Court, defendant gives up the right to appeal all of the following:

6    (a) the procedures and calculations used to determine and impose any

7    portion of the sentence; (b) the term of imprisonment imposed by the

8    Court, provided it is no more than the high-end of the Sentencing

9    Guidelines range calculated by the Court; (c) the fine imposed by the

10   Court, provided it is within the statutory maximum; (d) to the extent

11   permitted by law, the constitutionality or legality of defendant's

12   sentence, provided it is within the statutory maximum; (e) the term

13   of probation or supervised release imposed by the Court, provided it

14   is within the statutory maximum; and (f) any of the following

15   conditions of probation or supervised release imposed by the Court:

16   the conditions set forth in Amended General Order 20-04 of this

17   Court; the drug testing conditions mandated by 18 U.S.C.

18   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

19   authorized by 18 U.S.C. § 3563(b)(7).

20         17.  Defendant also gives up any right to bring a post-

21   conviction collateral attack on the conviction or sentence, except a

22   post-conviction collateral attack based on a claim of ineffective

23   assistance of counsel, a claim of newly discovered evidence, or an

24   explicitly retroactive change in the applicable Sentencing

25   Guidelines, sentencing statutes, or statutes of conviction.

26   Defendant understands that this waiver includes, but is not limited

27   to, arguments that the statute to which defendant is pleading guilty

28   is unconstitutional, and any and all claims that the statement of

                                    11

facts provided herein is insufficient to support defendant's plea of guilty.

18.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

12

1

EFFECTIVE DATE OF AGREEMENT

2      21.  This agreement is effective upon signature and execution of

3 all required certifications by defendant, defendant's counsel, and an

4 Assistant United States Attorney.

5

BREACH OF AGREEMENT

6      22.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any of

10 defendant's obligations under this agreement ("a breach"), the USAO

11 may declare this agreement breached.  All of defendant's obligations

12 are material, a single breach of this agreement is sufficient for the

13 USAO to declare a breach, and defendant shall not be deemed to have

14 cured a breach without the express agreement of the USAO in writing.

15 If the USAO declares this agreement breached, and the Court finds

16 such a breach to have occurred, then: (a) if defendant has previously

17 entered a guilty plea pursuant to this agreement, defendant will not

18 be able to withdraw the guilty plea, and (b) the USAO will be

19 relieved of all its obligations under this agreement.

20      23.  Following the Court's finding of a knowing breach of this

21 agreement by defendant, should the USAO choose to pursue any charge

22 that was either dismissed or not filed as a result of this agreement,

23 then:

24           a.   Defendant agrees that any applicable statute of

25 limitations is tolled between the date of defendant's signing of this

26 agreement and the filing commencing any such action.

27           b.   Defendant waives and gives up all defenses based on

28 the statute of limitations, any claim of pre-indictment delay, or any

13

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

24.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

14

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____      6/1/2021
                                           _____
     SAMUEL J. DIAZ                        Date
11   JAMES A. SANTIAGO
     Assistant United States Attorneys

12

     _____      _____
13   ZACHARIAH RINEHART                    Date
     Defendant

14

     _____      _____
15   ERIN MURPHY                           Date
     MICHAEL D. DRISCOLL, JR.
16   Attorney for Defendant ZACHARIAH
     RINEHART

17

18

19

20

21

22

23

24

25

26

27

28

                                  16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____            _____
ZACHARIAH RINEHART                          Date
Defendant

1                          <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2          I am Zachariah Rinehart's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   a guilty plea pursuant to this agreement.

16

17   _____        _____
     ERIN MURPHY                                 Date
18   MICHAEL D. DRISCOLL, JR.
     Attorneys for Defendant
19   ZACHARIAH RINEHART

20

21

22

23

24

25

26

27

28

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  TRACY L. WILKISON
   Acting United States Attorney

9

10 _____          _____
                                             Date
11 SAMUEL J. DIAZ
   JAMES A. SANTIAGO
   Assistant United States Attorneys
12
                                             5-26-21
13 ZACHARIAH RINEHART                        _____
   Defendant                                 Date
14
                                             5/27/21
15 _____          _____
   ERIN MURPHY                               Date
16 MICHAEL D. DRISCOLL, JR.
   Attorney for Defendant ZACHARIAH
17 RINEHART

18

19

20

21

22

23

24

25

26

27

28

                                    16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          5-26-21
ZACHARIAH RINEHART                        _____
Defendant                                 Date

17

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Zachariah Rinehart's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          5/27/21
ERIN MURPHY                              _____
MICHAEL D. DRISCOLL, JR.                 Date
Attorneys for Defendant
ZACHARIAH RINEHART